This Court granted the writ of certiorari to review only the two issues addressed by the main opinion. Because the main opinion has correctly addressed both of those issues, I concur fully.
I do not want my concurrence to be misconstrued, however, as any expression of approval of what I regard as some dicta in the opinion by the Court of Criminal Appeals in this case, Hodges v. State, 856 So.2d 875,894 (Ala.Crim.App. 2001) (opinion on return to remand) — a number of statements to the effect that any error by the trial court in denying the defendant's challenges of venirepersons for cause was later rendered harmless by the defendant's exercising peremptory challenges to keep these same venirepersons off the jury. I adhere to the views I expressed, and I insist on the authorities I cited, in my special writing in Bethea v. Springhill Memorial Hospital, 833 So.2d 1, 9-11 (Ala. 2002), for the proposition that the erroneous denial of a valid challenge for cause is reversible error. The reason that the denials of defendant's challenges for cause in the case now before us are not reversible is that those denials were not erroneous.